UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis W. Fischer and
Judith Fischer, and
Western National Insurance Group,

Civ. File No. 01-1739 (PAM/JGL)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Rheem Manufacturing Company,
Robertshaw Controls Company, and
Reliant Energy Resources Corporation.
d/b/a Reliant Energy Minnegasco,

Defendants.

---

This matter is before the Court on Plaintiffs' Motion to Remand. Plaintiffs argue that complete diversity does not exist in this case because Reliant Energy Minnegasco, an unincorporated division of Reliant Energy Resources Corporation, should be deemed to have its principal place of business in Minnesota and Plaintiffs reside in Minnesota. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

On March 10, 1999, the Minnesota home of Plaintiffs Dennis W. Fischer and Judith Fischer was destroyed by a fire that originated at or around a natural gas water heater. Plaintiff Western National Insurance Company insured the home at the time of the fire. Defendant Rheem Manufacturing Company ("Rheem") designed, manufactured, and

FILED DEC 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

distributed the water heater. Defendant Robertshaw Controls Company ("Robertshaw") designed, manufactured, and distributed the gas control valve connected to the water heater. The gas delivery system, including the gas meter and regulator, was in whole in or in part owned, installed, inspected, designed, and maintained by Defendant Reliant Energy Resources Corporation d/b/a Reliant Energy Minnegasco ("Reliant").

Plaintiffs filed this lawsuit against Defendants, alleging strict liability, negligence, and breach of express and implied warranties. Defendants removed the action to this Court. Plaintiffs have now moved to remand the case to the Hennepin County District Court, alleging that Reliant has its principal place of business in Minnesota thereby destroying complete diversity.

Reliant is incorporated in Delaware and headquartered in Houston, Texas. It is authorized to do business in Arkansas, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Oklahoma, and Texas. Reliant does business in part through three unincorporated divisions: Reliant Energy Entex, Reliant Energy Arkla, and Reliant Energy Minnegasco ("Minnegasco"). These three divisions have branch offices in all of the above listed states except Kansas and Missouri. Of the three divisions, Reliant Energy Entex, which has no operations in Minnesota, allegedly accounts for the largest share of Reliant's operating revenue.

Reliant claims that major corporate policy decisions are made from Reliant's corporate headquarters in Houston. Although Reliant admits that it has corporate officers in

each of the states in which its divisions operate, it claims that its most senior officers are located in Houston. Additionally, Reliant alleges that it has more employees located in Houston than in any other single location. Futhermore, according to Reliant, all of its human resources functions are handled in Texas. Finally, Reliant's main treasury functions are in Houston, although it does maintain bank accounts in New York, Texas, Delaware, Maine, Illinois, and Minnesota.

**DISCUSSION**

Defendants removed this action, contending that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) which provides in pertinent part that

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

Id. Because diversity under section 1332 must be complete, each plaintiff must have citizenship different from that of each defendant. See Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)). For the purposes of diversity jurisdiction, a corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Determining citizenship involves both factual and legal inquiry. Blakemore v. Missouri Pac. R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986). The Court, accordingly, has broad discretion to decide how it will proceed on jurisdictional questions. The Court may look outside the pleadings, considering depositions or affidavits, to decide whether the record

demonstrates a lack of subject matter jurisdiction. See North Star Hotels Corp. v. Mid-City Hotel Assocs., 696 F.Supp. 1265, 1269 (D. Minn. 1988).

In this case, the Court does not need to look very far, however. In general, a corporation will only be a citizen of two states: the state of its incorporation and the state of its principal place of business. It may be possible to have a corporation that is incorporated in more than one state, but section 1332 limits the principal place of business to one and only one state. See, e.g., Powers v. Fox Television Stations, Inc., 907 F.Supp. 719, 721 n.1 (S.D.N.Y. 1995) (quoting Bailey v. Grand Trucklines New England, 805 F.2d 1097, 1100 (2d Cir. 1986) (recognizing that there is an "overwhelming consensus of authority that a corporation may have only one principal place of business"). In this case, there is no disagreement that Reliant is incorporated in Delaware. The debate in this case centers on where Minnegasco has its principal place of business.

However, even this debate is narrowly circumscribed. Plaintiffs admit in their moving papers that Reliant has its principal place of business in Texas. Plaintiffs contend, however, that Minnegasco exclusively serves Minnesota customers. In essence, Plaintiffs want the Court to consider Minnegasco a separate corporate entity. Minnegasco, however, is not a separate corporate entity, but is instead an unincorporated division of Reliant. Tracing the etiological history of Minnegasco, Plaintiffs make much of the fact that Minnegasco was, at one time, a separate corporation. This historical fact, however, does not change the reality that Minnegasco is now simply a division of a larger corporation. A number of courts have

held that unincorporated divisions of a corporation are not separate citizens for diversity purposes. "A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 284 (6th Cir. 1990); see also Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990) (citing Brunswick Corp v. Jones, 784 F.2d 271, 275 n.3 (7th Cir. 1986) (citations omitted)).

Without directly addressing this case law, Plaintiffs attempt to escape the logic of this position by arguing that the so-called "attribution rule" is applicable in this case. In brief, the attribution rule, as developed by the Fifth Circuit, allows a subsidiary's citizenship to be imputed to the parent when the parent is being sued for the acts of the subsidiary. See Polanco v. H.B. Fuller Co., 941 F. Supp. 1512, 1516 (D. Minn. 1996). In this case, Plaintiffs acknowledge that Minnegasco is not a separate corporate entity, but they argue that it represents itself as a separate entity to the average consumer in the State of Minnesota. Accordingly, they urge the Court not "to be blinded or deceived by mere forms of law, but regardless of fictions, . . . deal with the substance of the transaction involved as if the corporate agency did not exist and as the justice of the case may require." Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985) (quoting Chicago, Milwaukee & St. Paul Ry. Co. v. Minneapolis Civic & Commerce Assn., 247 U.S. 490, 501 (1918)). Plaintiffs assert that the attribution rule could appropriately be applied in this case because it would facilitate the congressional purpose of denying a federal forum to actions

wholly local in character.

As Robertshaw and Rheem point out, however, there is no dispute that they are not Minnesota residents. They contend that it is conceptually difficult to characterize this action as one that is wholly local in character, even if Minnegasco is deemed to be some sort of local entity. The Court agrees. The underlying policy of limiting diversity jurisdiction to matters involving non-forum residents cuts in favor of hearing this case in federal court. In the absence of legal authority to the contrary, the Court finds the reasoning employed in Brunswick Corp. and its progeny persuasive.

For the foregoing reasons and based on all the files, records, and proceedings herein, the Court finds that Reliant is a resident of Delaware and has its primary place of business in Texas. Because Minnegasco is merely an unincorporated division of Reliant, complete diversity exists in this case. Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Clerk Doc. No. 6) is **DENIED**.

Dated: December 11, 2001

Paul A. Magnuson
United States District Court Judge