UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis W. Fischer, Judith Fischer,
and Western National Insurance Group,

Plaintiffs,

v.

Rheem Manufacturing Company,
Robertshaw Controls Company, and
Reliant Energy Resources Corp d/b/a
Reliant Energy Minnesgasco,

Defendants.

Civil No. 01-1739 (PAM/RLE)

**PRETRIAL SCHEDULE**

Pursuant to Rule 16, Federal Rules of Civil Procedure, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **October 1, 2002.** The period during which the parties may conduct discovery shall terminate on **May 1, 2003.** Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule;

2. All motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed on or before **October 1, 2002 for amending the pleadings, and on or before December 1, 2002, to add parties;**

FILED AUG 2 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

3. All other non-dispositive motions, specifically those which relate to discovery and the discovery period, shall be filed and served prior to **December 1, 2003.** All non-dispositive motions shall be scheduled for hearing by calling Vicki Miller, Secretary for Magistrate Judge Raymond L. Erickson. All non-dispositive motions shall be scheduled, filed, and served in compliance with Local Rule 7.1(a). A total of fifteen minutes will be allotted to each party who appears to present argument on the motion. The moving party may reserve up to five of the fifteen minutes for rebuttal. No discovery motion shall be heard unless the moving party files with the motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2;

4. No more than **25** interrogatories (counted in accordance with Fed. R. Civ. Pro. 33) shall be served by any party;

5. No more than **10** depositions (excluding expert depositions) shall be taken by any party without prior order of the court;

6. That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed.R.Civ.P. 26(a)(2)(B), the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **June 1, 2003**.

The Defendant's disclosures shall be made on or before **August 1, 2003**.

7. The parties **do** contemplate taking expert depositions. No more than **four (4)** experts may be deposed by any party without prior order of the court;

8. Each party shall fully supplement all discovery responses every 90 days, as such information becomes known. Any evidence responsive to a discovery request which has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial;

9. All dispositive motions shall be served, filed and fully briefed prior to **January 1, 2004.** All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar;

10. This case shall be ready for trial on **February 1, 2004,** at which time the case will be placed on the court's February trial calendar.

DATED: August 21, 2002.

Paul A. Magnuson
United States District Court Judge

Discovery Cut-Off
5/1/03
Non-Disp.Motions
12/1/03
Disp. Motion Ends
1/1/04
Trial Date
2/1/04